LA BROUCHE DUSSIN *v.* FREDERICK CHARLES and another.

In an action by the endorsee against the maker and endorser of a note given for the price of a slave, evidence that the slave has instituted a suit for her freedom, will not entitle the defendant to a continuance until such suit can be decided; but at most to a suspension of the payment of the price, until security is given according to art. 2535 of the Civil Code.

Possession of a negotiable instrument endorsed in blank, is *prima facie* evidence of ownership, and yields only to proof to the contrary.

APPEAL from the City Court of New Orleans, *Duvigneaud*, J. *Rousseau* and *Budd*, for the plaintiff.

*Grivot*, for the appellants.

MORPHY, J. This is an action by the endorsee of a promissory note of six hundred dollars, against the drawer and endorser; the latter admit their signatures, but aver that the note sued on does not belong to the plaintiff who acts only as the agent of his daughter Elizabeth F. Angelina La Brouche, who is the true proprietor of the same, and against whom they have a valid defence to set up. They allege that this note was given in part payment for the purchase of a *quarteronne* girl named Myrthée, with her child, who were sold to them as slaves for life by said Angelina La Brouche; that the said Myrthée is the daughter of one Ismene Bedeau, a free woman of color, and has brought suit to recover her freedom before the parish court in and for the parish and city of New Orleans; and that they, the defendants, have already paid a note of six hundred dollars, being the first instalment of the price. The answer concludes with a prayer that this suit may not be tried until the final decision of the case pending in the parish court; that there be judgment in favor of the defendants, decreeing the note sued on to be returned to them, and the sale of Myrthée cancelled and annulled; and further, that plaintiff do refund the six hundred dollars already paid for the slave. There was a judgment below in favor of the plaintiff, and the defendants appealed.

On the trial, the defendants moved the court for a continuance on the facts set forth in their answer, as the grounds of their defence to the merits; and upon the refusal of the judge to grant their motion, they took a bill of exceptions, to which our attention

has been drawn.   It is clear that these facts admitting them to have been all fully proved, could furnish no proper ground either for a continuance of the cause, or for such a judgment as has been demanded by the defendants in their answer; they could at most have given them the right which they have not claimed, of suspending the payment of the price until security was given according to art. 2535 of the Civil Code.   But the evidence exhibited by the record, does not even satisfactorily make out the allegations of their answer.   From the fact that plaintiff is the general agent of Angelina La Brouche during her absence, it does not necessarily follow that he has no interest in this note, upon which he sues in his own name as owner.   Possession of a negotiable instrument endorsed in blank, is such *prima facie* evidence of ownership, as yields only to contrary proof.   It is true that the legal presumption created by plaintiff's possession of the note, is weakened by the circumstance of his being the agent of his daughter, but defendants could have destroyed it entirely by putting to plaintiff, among their interrogatories, the simple and direct question, whether he was the owner of this note or whether he did not prosecute its recovery as agent of Angelina La Brouche. This they have not done, nor have they placed before us a copy of the sale of the slave Myrthée, nor a transcript of the record of the suit alleged to have been brought by her to recover her freedom.

*Judgment affirmed.*